UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MALINI KUMAR,                                    :
                                                 :
                         Plaintiff,              :          2:16-cv-07191 (SJF)(GRB)
                                                 :
                 v.                              :          **ANSWER OF DEFENDANT**
                                                 :          **QANTAS AIRWAYS LIMITED**
QANTAS AIRWAYS LIMITED,                          :
                                                 :
                         Defendants.             :
                                                 :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant QANTAS AIRWAYS LIMITED ("Qantas") by and through its attorneys, Condon & Forsyth LLP, as and for its Answer to the Amended Verified Complaint states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.      Denies the allegations in paragraph 2 of the Amended Complaint, except admits that defendant is a foreign corporation organized and existing under the laws of the Commonwealth of Australia, with its principal place of business in the Commonwealth of Australia, and that it is engaged in the transportation of passengers, baggage, and cargo to and from the United States pursuant to a foreign air carrier permit issued to it by the United States.

3.      Admits the allegations in paragraph 3 of the Amended Complaint.

4.      Admits the allegations in paragraph 4 of the Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint, except admits that, upon information and belief, plaintiff traveled from Melbourne to Los Angeles, and continued on to New York, on or

about January 5, 2016.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint, except admits that, upon information and belief, plaintiff traveled from Melbourne to Los Angeles, and continued on to New York, on or about January 5, 2016.

7. Denies the allegations in paragraph 7 of the Amended Complaint.

8. Denies the allegations in paragraph 8 of the Amended Complaint.

9. Denies the allegations in paragraph 9 of the Amended Complaint.

10. Denies the allegations in paragraph 10 of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Amended Complaint.

14. Denies the allegations in paragraph 14 of the Amended Complaint.

15. Denies the allegations in paragraph 15 of the Amended Complaint.

16. Denies the allegations in paragraph 16 of the Amended Complaint.

17. Denies the allegations in paragraph 17 of the Amended Complaint, except admits that the rights and liabilities of the parties are governed by the Montreal Convention.

18. Denies the allegations in paragraph 18 of the Amended Complaint.

19. Denies the allegations in paragraph 19 of the Amended Complaint.

20. Denies the allegations in paragraph 20 of the Amended Complaint.

21.     Denies the allegations in paragraph 21 of the Amended Complaint.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

22.     Upon information and belief, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Transportation by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 ("Montreal Convention"), and the rights of the parties in this action are governed by the provisions of said Montreal Convention.

23.     Pursuant to Article 17 of the Montreal Convention, defendant is not liable to plaintiff because the alleged damage was not caused by an "accident" on board the aircraft.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

24.     Repeats, reiterates and realleges each and every statement contained in paragraph 22 of this Answer with the same force and effect as if herein set forth.

25.     Pursuant to Articles 20 and/or 21 of the Montreal Convention, as well as the tariffs on file with the U.S. Department of Transportation and the conditions of carriage as set forth in the relevant contract of transportation, defendant is not liable to plaintiff or, in the alternative, defendant's liability is limited.

## **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26.     Repeats, reiterates and realleges each and every statement contained in paragraph 22 of this Answer with the same force and effect as if herein set forth.

27.     Pursuant to Article 29 of the Montreal Convention, plaintiff's state law causes of action, if any, are preempted by the Convention.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. Repeats, reiterates and realleges each and every statement contained in paragraph 22 of this Answer with the same force and effect as if herein set forth.

29. The damages alleged in the Amended Complaint were caused or contributed to by plaintiff's negligence or other wrongful acts or omissions, and defendant is entitled to be wholly or partly exonerated from liability in proportion to plaintiff's fault, in accordance with Article 20 of the Montreal Convention.

WHEREFORE, defendant demands judgment dismissing the Amended Complaint in its entirety, or, if such relief not be granted, then that its liability be limited as prayed herein, together with costs and disbursements of this action and such other and further relief which the Court deems just and proper.

Dated:   New York, New York
         February 28, 2017

                                    Respectfully submitted,

                                    CONDON & FORSYTH LLP


                                    By _____
                                    Bartholomew J. Banino, Esq.
                                    bbanino@condonlaw.com
                                    John Maggio, Esq.
                                    jmaggio@condonlaw.com
                                    Allison M. Surcouf, Esq.
                                    asurcouf@condonlaw.com
                                    7 Times Square
                                    New York, New York 10036
                                    (212) 490-9100
                                    *Attorneys for Defendant*
                                    *QANTAS AIRWAYS LIMITED*

TO:    Michael Hecht, Esq.
         Hecht & Hecht LLP
         225 Broadway, Suite 2912
         New York, New York 10007
         (212) 226-2400
         *Attorney for Plaintiff*
         *MALINI KUMAR*

## CERTIFICATE OF SERVICE

I, the undersigned, attorney for the law offices Condon & Forsyth LLP, attorneys for

**QANTAS AIRWAYS LIMITED** do hereby certify that I have served all counsel in this action

with a copy of the pleading(s) herein below specified by ECF, to the following address(es):

Pleading:      ANSWER OF DEFENDANT QANTAS AIRWAYS LIMITED TO AMENDED
COMPLAINT

HECHT & HECHT LLP
Michael Hecht, Esq.
225 Broadway, Suite 2912
New York, New York 10007
(212) 226-2400
*Attorney for Plaintiff*
*MALINI KUMAR*

By    *Bartholomew J Banino*
        Bartholomew J. Banino